## THE STATE OF MISSOURI *ex rel.* CHARLES PARSONS, Relator, *v.* WILSON PRIMM, Respondent.

1. *Jury service — Fire warden, exemption of from.*— Section 4 of the act of 1845 (Local Laws 1845, p. 15) exempts members of the corporation of fire wardens from jury service, and declares that a certificate of the secretary "certifying to their membership shall be competent evidence of the fact," and further provides that a certificate "shall be granted only to active and faithful members." *Held,* that the exhibition of such certificate is proof only of the mere fact of membership, and none whatever that the bearer is an active and faithful member of the corporation, and will not exempt him from jury duty.

2. *Jurors — Jury commissioner — Jury service, liability for — Appeal from jury commissioner.*— The jury commissioner of St. Louis county is constituted a court for passing upon all claims for exemption, and judges of courts have no right to consider the question whether a juror is subject to jury duty or not, only as the decision of the commissioner is appealed from under the statute. (Laws applicable to St. Louis County, p. 210.

### *Petition for Mandamus.*

*Garesche & Mead,* for relator.

*Wilson Primm, pro se.*

BLISS, Judge, delivered the opinion of the court.

The relator is a member of the fire wardens of the city of St. Louis, and on being summoned as juror he appeared in court, exhibited his certificate of membership and claimed exemption from service. The defendant, the judge of the court, refused to discharge him, whereupon he sued out this writ; and the judge, in excuse for retaining him, claims, first, that the certificate does not sufficiently show that the relator had been an active and faithful member of the corporation. Section 4 of the act of 1845, incorporating the fire wardens (Local Laws of 1845, p. 115), provides for the exemption, and that a certificate of the secretary "certifying to their membership shall be competent evidence of the fact," and further provides that the certificate "shall be granted only to active members." The provision as to active and faithful members goes only to the duty of the secretary. He has no right to give a certificate to any other; but when the

member is entitled to one, the paper itself goes only to the fact of membership, and not to the activity or fidelity of the member. I see no defect in the one exhibited.

Secondly, the defendant, in justification of his action, relies chiefly on the act of March 3, 1857, to provide a jury system in St. Louis county. (Laws applicable to St. Louis County, p. 210.) The act provides for the appointment of a jury commissioner, whose duty it shall be to canvass the city and county, and make a list in alphabetical order of all who are qualified for and subject to the performance of jury duty. He is required to omit from his list all who do not understand the English language, etc., and after it is made, to publish a notice in two English newspapers of opposite politics, and in two German newspapers, that the list is made out and is open for inspection at his office on or before a certain time. He must be in attendance at his office, and is required to strike from the list the names of those who show themselves entitled to exemption.; and if he shall refuse to strike off the name of any one he must give him a certificate stating that the exemption has been claimed and refused, and the ground upon which it is claimed, and if such person shall be summoned as a juror he may exhibit his certificate and appeal to the court from the decision of the commissioner. After all these provisions for making and perfecting a jury list, and protecting those who are entitled to exemption from jury duty, section 11 provides that "any one who neglects to produce before the commissioner satisfactory proof of his exemption, shall not be entitled to his exemption when summoned as a juror." This is clear and unequivocal. The commissioner is constituted a court for passing upon all claims for exemption, and the defendant, in holding the Criminal Court of the county, had no right to consider the question whether the relator was subject to jury duty or not, only as the decision of the commissioner was appealed from under the statute.

The petition is dismissed. The other judges concur.